## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

RONALD CARNEY,

                Plaintiff,          Case No. 2:14-cv-00565-RFB-GWF

vs.                                           **ORDER**

B. JOHN KAUFMAN,

                Defendant.

This matter is before the Court on Defendant's Motion to Stay Discovery (#26), filed on October 20, 2014.  Plaintiff filed his Opposition (#27) on October 20, 2014.

**BACKGROUND AND DISCUSSION**

Defendant moves to stay discovery in this action pending the decision on his motion to dismiss Plaintiff's complaint, filed on June 2, 2014.  "A district court may enter a protective order staying discovery when a motion to dismiss for failure to state a claim is pending if the district court 'is convinced that the plaintiff will be unable to state a claim for relief.'"  *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 602 (D.Nev. 2011).  *See also Ministerio Roca Solida v. Dept. of Fish & Wildlife*, 288 F.R.D. 500, 503 (D.Nev. 2013).   In determining whether to grant a stay, the court takes a preliminary peak at the merits of the underlying motion to evaluate the propriety of granting a stay.  *Tradebay*, 278 F.R.D. at 603.

Plaintiff's complaint in this case is substantially incoherent, but appears to be premised on an allegation that Defendant has fraudulently deprived Plaintiff of his Veterans Administration disability benefits, arguably by conspiring with the Veterans Administration to do so.  In his motion to dismiss, Defendant states that Plaintiff is 100% disabled and has been determined incompetent to

handle his finances.  The Veterans Administration accordingly appointed Defendant as fiduciary to receive and disburse the benefits to or on behalf of the Plaintiff.  Defendant further avers that the Veterans Administration is deducting $500 per month from Plaintiff's benefits to recover benefits that were incorrectly paid to Plaintiff at a time when he was not eligible for such benefits.  Defendant believes this is the source of Plaintiff's complaint.  Defendant asserts that Plaintiff's real complaint, if he has one, is against the Veterans Administration and not against Defendant.  Defendant points out, however, that the district court lacks jurisdiction over administrative determinations of the Veterans Administration.  Appeals from such determinations are required to be made to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit.  *Motion to Dismiss (#11), pg. 4*, citing *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000).  Plaintiff's response to Defendant's motion to dismiss does not coherently address the arguments in Defendant's motion to dismiss.

Based on the Court's preliminary review of Defendant's motion to dismiss, there appears to be a strong likelihood that this action will be dismissed for failure to state a claim.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery (#26) is **granted**.  Discovery in this action is stayed pending the decision on Defendant's motion to dismiss.

DATED this 24th day of October, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge