UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Ronald Carney, | Case No. 2:14-cv-00565-RFB-GWF |
| Plaintiff, | ORDER |
| v. | |
| B John Kaufman, | |
| Defendant. | |

In this civil action, Ronald Carney appears to claim that B. John Kaufman, conspiring with the U.S. Department of Veterans Affairs ("VA"), has fraudulently deprived him of disability benefits. Presently before this Court are three motions: a motion to dismiss, a motion for entry of proposed order, and a motion to amend the complaint. For the reasons discussed below, the Court grants the motion to dismiss and gives Carney leave to amend to properly plead more identifiable claims in compliance with the rules of this Court. The Court also denies the motions for entry of proposed order and to amend the complaint.

I.  **PROCEDURAL BACKGROUND**

On April 14, 2014, Plaintiff Carney, appearing *pro se*, filed suit in this Court, seeking injunctive relief and money damages. Compl., ECF No. 1.

On June 2, 2014, Defendant Kaufman, also appearing *pro se*, moved to dismiss the complaint for failure to state a claim, failure to join a necessary party, improper venue, and lack of subject matter jurisdiction. Mot. to Dismiss, ECF No. 11. On June 3, the Court issued a notice, pursuant to the requirements of Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). On June 6, Carney filed a response to

1   Kaufman's motion to dismiss.  Response, ECF No. 14.

2   On July 24, 2014, Carney moved for entry of proposed stipulated order and consent judgment.  ECF No. 19.  Briefly summarized, in his motion Carney proposed that this Court certify a class action; enjoin defendants from wrongfully taking money, inflicting harm, interfere with legitimate government functions, collecting unlawful debt, and applying the Fiduciary Program Services; declare the Fiduciary Program Services unconstitutional; order Plaintiff free to exercise his rights without systematic interference regarding benefits or employment; and award Carney damages.  Mot. for Entry of Proposed Order, ECF No. 19.

On August 29, 2014, Carney moved to amend his complaint to adjust the naming of the defendant.  ECF No. 21.

On October 20, 2014, Kaufman filed a single document both opposing Carney's motion for entry of proposed order (docketed as ECF No. 25) and moving to stay discovery (docketed as ECF No. 26).  On October 20, Carney filed a response opposing the stay of discovery.  ECF No. 27.  On October 24, Magistrate Judge George Foley, Jr. granted the discovery stay.  Order, ECF No. 28.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) governs the standard for pleadings in a federal cause of action and requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  A district court may dismiss a complaint brought under Rule 8(a) for failing to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be

1   enough to raise a right to relief above the speculative level on the assumption that all of the
2   complaint's allegations are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)
3   (alteration in original).  Courts are "not bound to accept as true a legal conclusion couched as a
4   factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986), quoted in Twombly, 550 U.S.
5   at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
6   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
7   Iqbal, 556 U.S. at 678.  The complaint "must state 'enough fact[s] to raise a reasonable
8   expectation that discovery will reveal evidence of [the misconduct alleged.]'" Cafasso, U.S. ex
9   rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (alterations in original)
10  (quoting Twombly, 550 U.S. at 556).

11  As *pro se* litigants, Carney and Kaufman are not held to the same standard as admitted
12  attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  A *pro se* litigant's filed documents are to
13  be judged by their function, with liberal construction of inartful pleadings. Id.  However, a *pro*
14  *se* litigant is "not excused from knowing the most basic pleading requirements" and is not
15  excused from following court rules. Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227
16  F.3d 1104, 1107 (9th Cir. 2000).  Furthermore, *pro se* complaints must still allege facts sufficient
17  to allow a reviewing court to determine whether a claim has been stated. See Ivey v. Bd. of
18  Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982).

19

20  **III.   DISCUSSION**
21      **A.   Motion to Dismiss**
22  Kaufman moves to dismiss on four bases: failure to state a claim, failure to join a
23  necessary party, improper venue, and lack of subject matter jurisdiction.  Though Kaufman does
24  not cite to the specific rule, the Court understands Kaufman's motion to dismiss for "failure to
25  state a claim against defendant upon which relief can be granted" as being brought under Federal
26  Rules of Civil Procedure 12(b)(6).  Mot. to Dismiss 1, ECF No. 11.  The Court finds dismissal
27  for failure to state a claim is here appropriate and accordingly declines to address Kaufman's
28  other three arguments.

Kaufman argues in his brief that "[o]n it's [sic] face Plaintiff's five causes of action in the Complaint make no sense." Mot. to Dismiss ¶ 9, ECF No. 11. Kaufman goes on to explain that, "because of Defendant's role as Plaintiff's VA Fiduciary for the past fifteen years," he may have a special understanding of Carney's allegations and attempts to set forth "two main themes in the complaint: the VA's determination of Plaintiff's incompetence and the VA's determination of a debt owed by Plaintiff and collection of the same against Plaintiff's monthly benefits." Id.

### 1. Lack of Cognizable Claim

Kaufman's confusion about the complaint is not unfounded. The complaint lacks adequate facts to support a claim against Kaufman and does not clearly describe what laws he may have violated. In the complaint, Carney alleges only two facts: "1. At all times hereafter mentioned Plaintiff was and still is a resident of Clark County. 2. Defendants is [sic] privately held company under laws of New jersey at 20 Franklin Place." Compl. 1, ECF No. 1. All subsequent statements in the complaint following the allegation of these two facts are conclusions, conclusions couched as facts, assertions of some legal idea, or demands. For example, Carney's first cause of action, in its entirety, reads,

> FIRST CAUSE OF ACTION
> Plaintiff incorporates and alleges the following allegations. Plaintiff seeking exemplary damages arbitrary or unconstitutional actions. Plaintiff seeking punitive damages for government employee wrongdoings. Plaintiff seeking full & fair non-economic for Defendants alleged misconducts. Plaintiff seeking extra compensatory damages for economic consequences of intentional wrongdoings. Plaintiff seeking declaratory injunctive relief. Plaintiff seeking prospective injunctive relief. Plaintiff demand jury trial, seeking treble awards, fees and cost.
> FACTS
> Defendants abused of authority or obligation of government of the United States wrongfully taking by public officers, of money not due public officers of their offices, conspired to deprive either direct or indirect Plaintiff of equal protection form civil sanction which are irrational by exercising of the judicial function or more simple trial by legislative act grossly negligent deliberately & arbitrary depriving Plaintiff of lawful trade, economic liberties, business interest, fundamental liberties.

Compl. 3, ECF No. 1 (errors in original). The second, third, fourth, and fifth causes of action are similarly devoid of factual allegations. Id. at 3–5. Neither the Court nor the Defendant, Kaufman, is told what acts Kaufman is alleged to have actually taken.

In his motion to dismiss, Kaufman outlines his understanding of the situation. Kaufman

alleges that Plaintiff is 100% disabled and has been determined incompetent to handle his finances. Mot. to Dismiss ¶ 5, ECF No. 14. The VA appointed Kaufman as fiduciary to receive and disburse the benefits to or on Carney's behalf. Id. at ¶¶ 6–7. Kaufman further states that the VA is deducting $500 per month from Carney's benefits to recover benefits that were incorrectly paid to Carney when he was not eligible for such benefits. Id. at ¶ 11. In his response to Kaufman's motion to dismiss, Carney alleges many facts consistent with Kaufman's claims. Resp. to Mot. to Dismiss 2, ECF No. 14. However, none of these facts establish what actions Kaufman has taken in violation of some law.

In addition to lacking allegations of fact, the complaint fails to allege with any clarity what laws Kaufman is accused of violating. The complaint specifically cites only one statute, 28 U.S.C. § 1331, which grants the district courts' jurisdiction over civil actions arising under federal law, as well as Article III, Section 2 of the U.S. Constitution which establishes the jurisdiction of the federal courts.

The individual causes of action, however, cite no law and do not describe with any clarity what laws or what legal requirements binding upon Kaufmann he may have violated. For example, the second cause of action states, in part, "Defendants inflicting intentional harm, embarrassment, humiliation, impairment, anguish, Distress development, gravely disabling & imposing punishment." Compl. 4, ECF No. 1. It is possible, though not at all clear, that Carney is seeking recovery for intentional infliction of emotional distress, a state civil tort claim. In order to prevail on such a claim, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation. Posadas v. City of Reno, 851 P.2d 438, 444 (Nev. 1993). Here, Carney has alleged no facts that establish any of the four elements of this tort.

As a second example, the first cause of action states, in part, "Defendants abused of authority or obligation of government of the United States wrongfully taking by public officers, of money not due public officers of their offices." Compl. 3, ECF No. 1. This *may* be an accusation of "theft or bribery concerning programs receiving Federal funds," 18 U.S.C. § 666,

but that is a criminal rather than civil statute, and, regardless Carney has not alleged any facts to demonstrate a violation. The third, fourth, and fifth causes of action are similarly vague and unsupported by any facts.

In short, Carney has failed to identify any cause of action or plead facts to support any cognizable claim, and Kaufman and this Court may only guess at what claims Carney is attempting to plead. It is simply not possible for Kaufman to meaningfully defend himself against such a complaint, and the Court cannot possibly grant relief if it does know what has been alleged to have happened. Accordingly, dismissal for failure to state a claim is required.

### 2. Jurisdictional Matters

Because the Court is dismissing the matter for failure to state a claim, it need not decide Kaufman's other three reasons for seeking dismissal—failure to join a necessary party, improper venue, and lack of subject matter jurisdiction—at this time. Importantly, it is unclear to this Court that it may even hear Carney's claims for jurisdictional reasons, but because of the lack of clarity and factual statements in the complaint, the Court cannot presently evaluate these matters.

Kaufman opines that Carney's grievance is actually against the VA. Mot. to Dismiss ¶ 12, ECF No. 11. Kaufman argues that the district court lacks jurisdiction over administrative determinations of the Veterans Administration and thus would be unable to decide the instant matter. Id. at ¶ 13. In fact, statute may preclude this Court from hearing Carney's claim at all. Specifically, district courts lack "jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations. . . . This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1025 (9th Cir. 2012) (citation omitted) (internal quotation marks omitted).

Carney's response, ECF No. 14, fails to respond effectively to Kaufman's jurisdictional arguments. Before hearing this case, the Court must be able to determine whether it has subject matter and personal jurisdiction and to evaluate whether venue is proper; neither Carney's

complaint nor any subsequently filed documents enable the Court to properly do so.

### 3. Amendment of Complaint

Given the liberal construction of *pro se* filings, the Court will provide Carney with at least one opportunity to amend and refile his complaint to more adequately identify his claims and address personal jurisdiction, subject matter jurisdiction, and venue. Accordingly, Carney shall have forty-five days from the date of this order to file an amended complaint that contains a more definite statement of any claim he intends to assert.

If Carney chooses to file an amended complaint, it must comply with all rules of this Court, which include the Federal Rules of Civil Procedure (available on the U.S. Courts website at http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf) and the Local Rules of Practice for the District of Nevada (available on this Court's website at http://www.nvd.uscourts.gov/Files/LOCAL%20RULES%20OF%20PRACTICE%20August%202011.pdf). A plaintiff is not relieved of the obligation to follow all rules of this Court simply because he has chosen to represent himself. Carter v. C.I.R., 784 F.2d 1006, 1008 (9th Cir. 1986). Carney is directed to comply with Federal Rule of Civil Procedure 10(b) which requires a party to "state its claims or defenses in numbered paragraphs."

To survive dismissal, a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation omitted). To provide the defendant(s) with fair notice of the claims asserted against them, the amended complaint must specifically allege what law, statute, or constitutional provision Carney claims was violated by the conduct he alleges, such that Kaufman will be on notice of the factual and legal basis for the claims he seeks to assert against him. Each claim should be broken out into a separate cause of action that contains all of the essential elements of the claim asserted and states the specific relief requested for that claim.

Carney is also cautioned that the amended complaint must be "complete in itself without reference to" the previous version of the complaint. D. Nev. R. 15-1(a). Therefore, Carney must carry forward into the new draft any information that he wants to continue to plead; the Court cannot refer back to a prior pleading for other information because an amended complaint

supersedes all prior versions as if the prior versions never existed.

### B. Motion for Entry of Proposed Stipulated Order and Consent Judgment

Though the title and opening paragraph of this motion suggest the parties have agreed and stipulated to entry of the order, ECF No. 19, Kaufman's response makes clear this is not the case. Resp. to Mot. for Proposed Order 3, ECF No. 25 ("I have agreed to nothing. I have not even been consulted."). Furthermore, given the dismissal of Carney's complaint, consideration of entry of any order or judgment is premature. Therefore, this motion must be denied.

### C. Motion to Amend/Correct Complaint

Because the Court has dismissed Carney's complaint with leave to amend, Carney's motion to amend the complaint, ECF No. 21, is moot.

## IV. CONCLUSION

For the reasons discussed above, the Court dismisses Carney's complaint without prejudice and affords Carney forty-five days to file an amended complaint. Kaufman will then have twenty-one days to file a motion to dismiss, should he feel it necessary. Accordingly,

IT IS HEREBY ORDERED that Kaufman's Motion to Dismiss, ECF No. 11, is GRANTED. Carney must file an amended complaint within forty-five days of the filing of this order.

IT IS FURTHER ORDERED that Carney's Motion for Entry of Proposed Stipulated Order and Consent Judgment, ECF No. 19, is DENIED.

IT IS FURTHER ORDERED that Carney's Motion to Amend Complaint, ECF No. 21, is DENIED as moot.

Dated: March 6, 2015.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE