1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                       DISTRICT OF NEVADA

6                                              * * *

7    RONALD CARNEY,                                Case No. 2:14-cv-00565-RFB-GWF

8                    Plaintiff,                                    **ORDER**

9           v.

10   B  JOHN KAUFMAN,

11                   Defendant.

12

13          In this civil action, Ronald Carney appears to claim that Defendant B. John Kaufman,

14   conspiring with the U.S. Department of Veterans Affairs ("VA"), has fraudulently deprived him

15   of disability benefits.  Presently before this Court are three motions: a motion to dismiss, a motion

16   for summary judgment, and a "motion for judgment upon default."

17          Previously, the Court granted Defendant's Motion to Dismiss (ECF No. 11) without

18   prejudice, granting Plaintiff leave to amend his Complaint. ECF No. 29. In response, Plaintiff filed

19   a Motion to Amend Complaint on March 10, 2015. ECF No. 30. In this motion, the Plaintiff does

20   not attach an Amended Complaint, but requests that certain amendments be made to his existing

21   complaint, namely converting the case into a class action, and asserting his claims under 42 U.S.C.

22   1983. In response, Defendant filed a Motion to Dismiss on October 8, 2015. ECF No. 35.

23          Plaintiff then filed a Motion for Summary Judgment on January 19, 2016. ECF No. 38.

24   Plaintiff also filed a Motion for Judgment upon Default on January 29, 2016. ECF No. 41.

25          Federal Rule of Civil Procedure 8(a) governs the standard for pleadings in a federal cause

26   of action and requires that "[a] pleading that states a claim for relief must contain: (1) a short and

27   plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of

28   the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

1    Fed. R. Civ. P. 8(a).  A district court may dismiss a complaint brought under Rule 8(a) for failing

2    to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

3          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

4    accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

5    662, 678 (2009) (internal quotation marks omitted).  Moreover, "a plaintiff's obligation to provide

6    the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

7    formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough

8    to raise a right to relief above the speculative level on the assumption that all of the complaint's

9    allegations are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (alteration in original).

10   Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan

11   v. Allain, 478 U.S. 265, 286 (1986), quoted in Twombly, 550 U.S. at 555.  "A claim has facial

12   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

13   inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  The

14   complaint "must state 'enough fact[s] to raise a reasonable expectation that discovery will reveal

15   evidence of [the misconduct alleged.]'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637

16   F.3d 1047, 1055 (9th Cir. 2011) (alterations in original) (quoting Twombly, 550 U.S. at 556).

17         As *pro se* litigants, Carney and Kaufman are not held to the same standard as admitted

18   attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  A *pro se* litigant's filed documents are to

19   be judged by their function, with liberal construction of inartful pleadings.  Id.  However, a *pro se*

20   litigant is "not excused from knowing the most basic pleading requirements" and is not excused

21   from following court rules.  Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104,

22   1107 (9th Cir. 2000).  Furthermore, *pro se* complaints must still allege facts sufficient to allow a

23   reviewing court to determine whether a claim has been stated.  See Ivey v. Bd. of Regents of Univ.

24   of Alaska, 673 F.2d 266, 268 (9th Cir.1982).

25         For the reasons stated in its prior Order, the Court finds that the Plaintiff has failed to state

26   a cognizable claim even considering his proposed amendments, and that dismissal is therefore

27   appropriate under F.R.C.P. 12(b)(6). ECF No. 29. The Court cannot ascertain what causes of action

28   Plaintiff alleges, and Plaintiff has failed to plead any facts in his Complaint. Accordingly,

1    **IT IS HEREBY ORDERED** that Kaufman's Motion to Dismiss, ECF No. 35, is

2    **GRANTED** with prejudice.

3    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**

4    as moot. ECF No. 38.

5    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment Upon Default is

6    **DENIED** as moot. ECF No. 41.

7    **IT IS FURTHER ORDERED** that Plaintiff's Notice for Judgment is **DENIED** as moot.

8    ECF No. 42.

9    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Final Judgment is **DENIED** as

10   moot. ECF No. 43.

11   **IT IS FURTHER ORDERED** that all outstanding motions are **DENIED**. The Clerk of

12   the Court is instructed to close this case.

13

14   **DATED**: July 13, 2016.

15   _____

16   RICHARD F. BOULWARE, II
     UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28